In the Matter of **MANUFACTURERS CREDIT CORPORATION** et al., Debtors.

American Oil Company, a trade creditor, Appellant.

No. 17116.

United States Court of Appeals Third Circuit.

Submitted June 14, 1968.

Decided June 24, 1968.

See also, 3 Cir., 395 F.2d 833.

Robert W. McCann, Stickel, Kaine & Stickel, Newark, N. J., for appellant.

Jay R. Benenson, Furst, Furst, Feldman & Benenson, Newark, N. J., for Debtor Corporation.

Richard V. Bandler, Associate Regional Administrator, S. E. C., New York City, for appellee.

Jack L. Cohen, Newark, N. J., for receiver-appellee Joseph Thieberg.

Before KALODNER, FORMAN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

FORMAN, Circuit Judge.

This is an appeal by American Oil Company [1] from an order [2] of the United States District Court for the District of New Jersey of January 12, 1968, granting the motion of the Securities and Exchange Commission, made pursuant to section 328 of the Bankruptcy Act, 11 U.S.C. section 728, to dismiss the proceedings brought by Manufacturers Credit Corporation and twenty-five other debtor corporations under Chapter XI of the Act, 11 U.S.C. section 701 et seq., unless amended petitions are filed either by the debtors or their creditors comply-

[1.] At one time or another papers have been captioned or it otherwise has been represented that the appeal was both by American Oil Company and Petroleum Heat and Power Company. The court has been informed that Petroleum Heat and Power Company is a subsidiary of American Oil Company. Since the notice of appeal is only in the name of the American Oil Company it will be regarded as the only appellant in this case.

[2.] The order implemented an opinion of the District Court reported in 278 F.Supp. 384 (D.N.J.1968).

ing with the requirements of Chapter X of the Bankruptcy Act, 11 U.S.C. section 501 et seq.

Appellant resisted the entry of the District Court's order as a trade creditor on open book accounts for oil sold to three of the debtor corporations—Inter-City Transportation Co., Inc. in the amount of $70,255.93;[3] Orange & Black Bus Lines, Inc., $9,104.16; and Warwick-Greenwood Lake and New York Transit, Inc., $5,586.05. It contends, on this appeal, that in entering its order which permits Chapter X proceedings to be brought against all the debtors including the three corporations in which appellant is interested, the District Court erred because the record before it establishes that the corporations are solvent and profitable and thus Chapter X petitions cannot be validly filed against them. Furthermore, appellant insists that in its opinion the District Court evidences an intent to pool the assets and liabilities of all twenty-six corporations and to consolidate their administration. Appellant urges that such consolidation will seriously prejudice it since the assets of the three corporations when pooled with those of the others will be clearly insufficient to meet the existing obligations of all twenty-six corporations and that the consolidation will deprive appellant of its property rights without due process of law as guaranteed by the Fifth Amendment of the Constitution of the United States.

Concomitantly with the filing of its brief in reply to appellant's contentions, the Securities and Exchange Commission moved to dismiss the appeal upon the grounds that the appellant is in no way aggrieved by the order of the District Court of January 12, 1968, and that the issues sought to be litigated are prematurely raised. The parties have agreed to forego oral argument and sub-mit on the briefs the issues and motion of the Securities and Exchange Commission to dismiss the appeal.[4]

The circumstances surrounding this appeal differ only in inconsequential degree and the issues raised are identical with those considered in the opinion of this court filed May 16, 1968 in a consolidation of appeals Nos. 17088 and 17112.[5] In No. 17112, similar arguments were heard in the appeal of Sidney, Emanuel and Isidor Engelhardt and Kenron Co., as secured creditors, challenging the same order of the District Court as it related to Orange & Black Bus Lines, Inc. and three other debtor corporations. There, those appellants also objected to any consolidating, merging or pooling of the assets of the four corporations in which they claimed interests, with those of the other twenty-two corporations. In that appeal it was concluded that

"neither in its opinion nor in its order did the District Court direct consolidation of all twenty-six corporations either administratively or by way of merging or pooling the four corporations' assets and liabilities with those of the other twenty-two."[6]

It was further determined that the appellants there would suffer no prejudice by the mere filing of Chapter X petitions since they, as creditors, could file answers seeking dismissal of the petitions and have the issues resolved as soon as may be as authorized by sections 137 and 144 of the Bankruptcy Act, 11 U.S.C. sections 537 and 544. The court concluded that the procedure employed by the District Court did no more than postpone an evidentiary hearing on the issues raised by the appellants; that they were not deprived of their due process as they charged; that since they were not aggrieved by the order of Jan-

---

3. Appellant's subsidiary Petroleum Heat and Power Company is said to have a similar claim against Inter-City Transportation Co., Inc., for $6,207.78.

4. The court has been notified that no brief will be filed by Joseph Thieberg, receiver of the debtors, and that the debtors take no position on this appeal.

5. 395 F.2d 833 (3 Cir. 1968).

6. Id. at 847.

uary 12, 1968 their appeal was premature and should be dismissed.

The contention of the Securities and Exchange Commission that the issues sought to be litigated in the present appeal are substantially the same as those already litigated and determined in No. 17112 is justified and the same conclusion is commanded. Hence, for the reasons advanced in this court's opinion in Nos. 17088 and 17112, the motion of the Securities and Exchange Commission to dismiss the appeal of American Oil Company will be granted without prejudice to any future appeal.